**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOE FELDMAN, on behalf of himself** | | |
| **and all other similarly situated** | | **PLAINTIFF** |
| | | |
| **VS.** | **CASE NO. 4:08CV0004140 JMM** | |
| | | |
| **TRAVELERS INDEMNITY COMPANY AND** | | |
| **THE STANDARD FIRE** | | |
| **INSURANCE COMPANY** | | **DEFENDANTS** |

**ORDER**

Pending before the Court is plaintiff's Motion to Remand and defendants' response. For the reasons stated below, the motion is granted (#16).

Plaintiff originally filed his complaint in Pulaski County Circuit Court in January of 2008 contending that defendant Standard Fire Insurance Company deceived him, and others, by concealing the availability of lower priced homeowner's insurance policies that provided identical coverage and sought compensatory damages, injunctive relief, and attorneys' fees. The state court complaint stated that plaintiff's claim did not exceed $74,999.00, that the claim of the class did not exceed $4,999,999.00, and that the class was limited to only those persons who purchased their insurance policies before September 1, 2003.

Defendant attempted to remove that complaint to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 in February of 2008. *See Joe Feldman v. Standard Fire Ins. Co.,* Case No. 4:08CV00143. Plaintiff sought remand contending that the Court lacked subject matter jurisdiction because CAFA's jurisdictional minimum of $5,000,000.00 set forth in

28 U.S.C. § 1332 (a) and (d) had not been met.[1]

The Court granted plaintiff's Motion to Remand by finding that for the class, compensatory damages amounted to $630,000.00 and for the plaintiff, compensatory damages amounted to $268.00.  By using this amount to determine the amounts of injunctive relief and attorneys' fees, the Court found that the amount of damages available to the class would be less than $5,000,000.00, and the amount of damages to the plaintiff would be less than $75,000.00

The case was remanded back to state court on May 14, 2008, and in July of 2008, the Court of Appeals for the Eighth Circuit denied defendant Standard Fire Insurance Company's petition for permission to file an interlocutory appeal.

After remand, plaintiff amended his complaint to add the Travelers Indemnity Company as a defendant and defined the class as "[a]ll persons in Arkansas who purchased a homeowners insurance policy from the Standard Fire Insurance Company, who were eligible to purchase Travelers homeowners insurance offering identical coverage and service, at a lower price."  First Amended Complaint at 7.

Defendants filed a second Notice of Removal contending that plaintiff's failure to limit the class to only those persons who purchased their insurance policies before September 1, 2003, expanded the class resulting in the amount in controversy meeting the necessary jurisdictional amounts.  Plaintiff filed a Motion to Remand contending that the class remains the same because defendants ceased the complained of business practices subsequent to September of 2003 which

---

[1] The Class Action Fairness Act confers federal jurisdiction over class actions where, among other things, (1) there is minimal diversity; (2) the proposed class contains at least 100 members; and (3) the amount in controversy is at least $5 million in the aggregate.  *See* 28 U.S.C. § 1332(d).

results in the class being the same as pled in its original complaint.  Plaintiff continues to assert in his amended complaint that his claim does not exceed $74,999.00 and that the claim of the class does not exceed $4,999,999.00.  Specifically, plaintiff states that the claim for the class is approximately $630,000.00.

"Plaintiff is in charge of [his] case and may bar removal by asking for a specific amount that is less than required for removal.  Under such circumstances, the case should be remanded unless the defendant can prove to a *legal certainty* that the plaintiff's claim excess $75,000.00." *Magana v. Tatum*, 2007 WL 2903998 (E.D. Ark. 2007) (unpublished opinion).

Here, defendants have failed to prove to a legal certainty that plaintiff's amount of damages meets the jurisdictional requirements of the CAFA.

Based upon the plaintiff's specific allegation that he is seeking $630,000.00 in damages for the class, the Court finds that the amount of damages available to the class is less than $5,000,000.00 including any injunctive relief and attorney's fees.

The Clerk of the Court is directed to return this case to the Circuit Court for Pulaski County, forthwith.

IT IS SO ORDERED THIS   4   day of   February  , 2009.

_____
James M. Moody
United States District Judge